## COMMERCIAL NAT. BANK OF CHARLOTTE v. UNITED STATES.

### Civ. No. 815.

United States District Court
W. D. North Carolina, Charlotte Division.

Oct. 19, 1951.

John S. Cansler, of Charlotte, N. C., for plaintiff.

T. A. Uzzell, Jr., U. S. Atty., Asheville, N. C., and Francis H. Fairley, U. S. Atty., Charlotte, N. C., for U. S.

WARLICK, District Judge.

Colonel E. L. Baxter Davidson of Charlotte in Mecklenburg County, North Carolina, died on October 10, 1944, at the age of eighty-six years, leaving a Last Will and Testament, dated May 26, 1942, in which he undertook to dispose of those things on earth which were his properties, —which Last Will and Testament was duly probated in common form on October 23, 1944, in the office of the Clerk of the Superior Court of Mecklenburg County, North Carolina.

The estate had an estimated or appraised value of approximately $800,000 and largely consisted of business rental property located on two of the principal streets of the City of Charlotte.

After having followed the zig-zag course of a bachelor for seventy-six years of his life, the Testator, Colonel Davidson, married, and at a time just prior to his marriage entered into an antenuptial agreement with his prospective wife, which, upon execution, was duly recorded in the office of the Register of Deeds for Mecklenburg County in complete conformity with the laws of North Carolina,—by the terms of which antenuptial agreement his wife was to receive at his death, in lieu of all rights of dower and other claims or allowances to which she would ordinarily have been entitled as his widow, but for the antenuptial agreement, certain assets of his estate and at the time of his death to be valued at approximately the sum of $47,-000. Obviously, there were no children born to this marriage.

Under the terms of the Testator's Last Will and Testament, Davidson College, one of the outstanding educational institutions in the South, of which he was an alumnus and which bore his name, was devised his entire estate, valued as above, except for certain devises and bequests to his widow and certain collateral relatives totaling around $48,000 and a few minor charitable bequests totaling approximately $1,-700.

All of the Testator's brothers and sisters had predeceased him, although he left surviving some forty odd heirs-at-law whose kinship was that of nieces and nephews and descendents of deceased nieces and nephews. Apparently these surviving kin, like unto all similarly situated, during the years had long, eagerly, and confidently looked forward to being his beneficiaries and presumably were much upset by his failure to make them the recipients of his bounty, and on learning of the contents of his Will when it was probated in common form, his heirs-at-law began immediately to plan an attack upon the validity of said instrument. Five of the leading law firms in Mecklenburg County were retained and for a period of approximately three years, during which time the Caveat was filed, began and conducted an exhaustive investigation into the background, the life, and the habits of the Testator, all with the intent in mind of undertaking, if possible, to successfully sustain the attack by way of the Caveat filed to his will,—setting out the lack of testamentary capacity and, as a second ground for attack, that of undue influence.

The widow of Colonel Davidson joined with the propounders of said Will and strongly and strenuously insisted on his testamentary capacity and in a very pronounced way resented the attack as made on said Will under the Caveat filed. The Commercial National Bank of Charlotte was nominated as the Executor in the Will and duly qualified and subsequently made its report to the tax authorities of the Defendant.

In October, 1947, the cause, having been pre-emptorily set, came on for hearing before His Honor George B. Patton, one of the Judges of the Superior Court of North Carolina, and, after approximately three days in the presentation of evidence, an undertaking previously begun, resulted in a settlement as between the parties and an agreement with respect to the amount of moneys which would be paid to the next of kin under the Caveat, in full and complete settlement of the proceeding,—by the terms of which it appears that the Caveators were to receive the grand total of $108,000 to be divided among them per stirpes and the yardstick for such division appears to have been worked out as to the amount each was to receive and a further breakdown of the amount to show the net amount to the named Caveator and the actual amount to the attorneys for such Caveator,—it being made to appear from the evidence that the attorneys for the Caveators were to receive as compensation in full in the event of the success of their undertaking a sum equal to approximately 25% of that actually received or a grand total of $26,740.22, with $81,259.78 being allocated to the Caveators, and that this arrangement had been made at or prior to the time of the filing of the Caveat and such arrangement was fully carried into effect. In addition thereto Davidson College was to pay all Federal Estate Taxes, State Inheritance, Legacy, Succession, and Death Taxes that may be levied or assessed on account of this payment by way of settlement and was to save the Caveators harmless from any claims on account of the same and additionally was to pay the cost of the action as proven and taxed.

On it being made to appear to Judge Patton that a satisfactory adjustment had come about and since very valuable real estate was involved and so as not to possibly cloud the title, the Caveators in open court withdrew their objections to the propounding of the Will in solemn form and thereupon under proper proof of its execution and other requisite findings which the North Carolina law would require, the following issue was submitted to the jury, "Is the paperwriting dated May 26, 1942, offered for probate, and every part thereof,

the Last Will and Testament of E. L. Baxter Davidson?" "Answer: Yes." Whereupon, the following Judgment, carrying into effect the verdict of the jury, was signed and filed of record.

"North Carolina
Mecklenburg County

In the Superior Court

In the Matter
of the Will of
E. L. Baxter Davidson

Judgment

"This Cause coming on to be heard before his Honor, George B. Patton, Judge Presiding, and a jury, at the October 13th, 1947, Extra Civil Term of Mecklenburg Superior Court, and it appearing that all persons in interest are parties to this proceeding, either as propounders or caveators, or have been duly served with proper citations herein, and said cause being tried upon the issue raised by the caveat filed herein to the paper writing propounded as the will of E. L. Baxter Davidson, deceased, and heretofore probated in common form, and recorded in the Office of the Clerk of the Superior Court of Mecklenburg County, North Carolina, in Will Book 4, pages 25, 26 and 27, and evidence having been offered by the propounders of said will, and evidence having been offered by said caveators, and the issue having been submitted to the jury, and having been answered as follows:

" 'Is the paper writing dated May 26th, 1942, offered for probate, and every part thereof, the last will and testament of E. L. Baxter Davidson?

" 'Answer: Yes.'

"Now, Therefore, it is hereby considered, ordered and adjudged:

"1. That the said paper writing, dated May 26, 1942, and heretofore probated in common form, and recorded in the office of the Clerk of the Superior Court of Mecklenburg County in Will Book 4, at pages 25, 26 and 27, and every part thereof, is the last will and testament of the said E. L. Baxter Davidson, deceased, and the same is hereby admitted to probate in solemn form.

"2. That the order of the Clerk entered in the proceeding, and dated August 22,

1945, suspending proceedings under the Will, be, and it hereby is, vacated, and declared to be of no further force and effect, as of this date, and the Commercial National Bank of Charlotte, N. C., the executor named in said will, be, and it hereby is, authorized to proceed with the administration of the estate of the said E. L. Baxter Davidson, deceased, in accordance with the terms of said last will and testament.

"3. That the costs of this proceeding be taxed by the Clerk of this Court, and be paid by the Commercial National Bank, the Executor of E. L. Baxter Davidson, from the funds and property of said estate.

"This 16th day of October, 1947.
"George B. Patton
"Judge Presiding over the October 13, 1947 Extra Civil Term of the Superior Court for Mecklenburg County, North Carolina."

Subsequently, Davidson College, the chief beneficiary, rather than sacrifice any of the real estate received by it under the terms of the will, paid from other sources the amount agreed upon in said settlement.

Sometime following the filing of the Caveat and her making common cause with the propounders, the widow of the late Colonel Davidson became dissatisfied with the terms of the antenuptial agreement and the provisions thereunder made for her and retained attorneys who made demand on her behalf upon Davidson College for a larger share of the estate, threatening to dissent from the will and to attack the validity of the antenuptial agreement, but delayed taking such action pending the result of the Caveat filed and in such situation rendered valuable assistance in behalf of the propounders in their preparation for trial of the case. When the adjustment of the Caveat by way of a compromise was learned by her, she became more determined in her demands and finally, after having reached one agreement for settlement, repudiated it, but ultimately did agree and such agreement was consummated that she have and receive from Davidson College the sum of $26,250, of which sum her counsel were to receive $8,750.

Following the submission of the above to the Collector of Internal Revenue, there was assessed against said estate a deficiency estate tax in the sum of $58,967.96 and, subsequently, on demand, such sum was paid to the Collector of Internal Revenue for the District of North Carolina with such interest as had accrued thereon. Thereupon and on November 2, 1949, the plaintiff, executor of said estate, filed with said Collector in proper form a claim for refund in the sum of $14,600.96 for a part of said tax deficiency and $2,910.46 interest thereon from the date of payment to May 6, 1949, in the total sum of $17,511.42,— setting out in said claim for refund that the principal of $14,600.96 was wrongfully and illegally exacted from the plaintiff due to the erroneous disallowance by the defendant as a deduction from the gross estate on account of the sum of $26,740.22 paid to the attorneys for the Caveators and the additional sum of $8,750 paid to counsel in the settlement of the claim with the widow of the Testator and after more than six months had elapsed from the filing of the claim and with no decision made, instituted this action for the recovery thereof. 28 U.S.C.A. § 1346(a) (1).

The sole question to be determined is whether the plaintiff is entitled to recover the amount sought as a deductible item under I.R.C. 812 (b) (2) as an allowable deduction for administrative expense subject only to the reasonableness thereof. I conclude that plaintiff is not so entitled to recover. Under Section 812(b) (2) of the Internal Revenue Code, as amended by Sections 405(a), 406(a) of the Revenue Act of 1942, c. 619, 56 Stat. 798, 26 U.S.C. 1946 ed. § 812, it is provided that in determining the net estate there should be deducted from the value of the gross estate "Such amounts * * * for administration expenses * * * as are allowed by the laws of the jurisdiction * * * under which the estate is being administered * * *." Treasury Regulations 105, promulgated under the Internal Revenue Code, provide in pertinent part as follows:

"Sec. 81.29 *Deduction of Administration expenses, claims, etc.*—In order to be de-

ductible under the foregoing provisions of the Internal Revenue Code, the item must fall within one of the several classes of deductions specifically enumerated therein, and must also, except in the case of deductible losses during the administration of the estate, be one the payment of which out of the estate is authorized by the laws of the jurisdiction under which the estate is being administered. Unless both of these conditions exist the item is not deductible. * * *

"Sec. 81.30 *Effect of court decree.*—The decision of a local court as to the amount of a claim or administration expense will ordinarily be accepted if the court passes upon the facts upon which deductibility depends. If the court does not pass upon such facts, its decree will, of course, not be followed. * * *

"Sec. 81.32 *Administration expenses.*— The amounts deductible from the gross estate as 'administration expenses' are such expenses as are actually and necessarily incurred in the administration of the estate; that is, in the collection of assets, payment of debts, and distribution among the persons entitled. The expenses contemplated in the law are such only as attend the settlement of an estate by the legal representative preliminary to the transfer of the property to individual beneficiaries or to a trustee, whether such trustee is the executor or some other person. Expenditures not essential to the proper settlement of the estate, but incurred for the individual benefit of the heirs, legatees, or devisees, may not be taken as deductions. Administration expenses include (1) executor's commissions; (2) attorney's fees; and (3) miscellaneous expenses. Each of these classes is considered separately in sections 81.33 to 81.35, inclusive.

"Sec. 81.34 *Attorney's fees.*

*    *    *    *    *    *

"Attorney's fees incurred by beneficiaries incident to litigation as to their respective interests do not constitute a proper deduction, inasmuch as expenses of this character are properly charged against the beneficiaries personally and are not administration expenses."

This naturally thereupon calls for a determination as to whether or not such might be allowable under Sec. 6-21 of the General Statutes of North Carolina which makes provision as follows:

"§ 6-21. *Costs allowed either party or apportioned in discretion of court.*—Costs in the following matters shall be taxed against either party, or apportioned among the parties, in the discretion of the court:

*    *    *    *    *    *

"2. Caveats to wills.

*    *    *    *    *    *

"The word 'costs' as the same appears and is used in this section shall be construed to include reasonable attorneys' fees in such amounts as the court shall in its discretion determine and allow. (Rev., s. 1268; Code, ss. 2134, 2161, 1660, 1294, 2039, 2056, 533, 1422, 1323; 1889, c. 37; 1893, c. 149, s. 6; 1937, c. 143; C. S. 1244.)"

This section is a mandatory one and although it represents a discretion inherent in the court presiding over the cause, it would require an actual direction by the court and the use of such discretion as the statute reposes and failing, attorneys' fees could not otherwise become a part of the cost incurred in the administration of the estate and could not be chargeable in the Bill of Costs. Naturally, had the matter of attorneys' fees been presented to Judge Patton, he would have the discretion under this statute to award such fees as to him appeared proper and in so doing could have awarded the full amount of that set out in the contract as between the Caveators and their attorneys of record. Maybe he would —maybe he would not. It does appear that he did not. It appears, however, that such was never presented to Judge Patton and although the reasonableness thereof may not be questioned, and I do not in this particular, the allowances would have to be made by him as an award to the counsel of record for the Caveators. This was not done. The Judgment makes no such recitation and in so failing precludes the plaintiff from a recovery herein.

Counsel will submit judgment carrying these conclusions into effect.